**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIO CESAR GRANADOS-MENDES, | No.   18-70904 |
| Petitioner, | Agency No. A202-099-302 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019[**]

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Julio Cesar Granados-Mendes, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' decision dismissing his appeal from

an immigration judge's decision denying a continuance and ordering him removed.

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

denial of a continuance and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not err or abuse its discretion in denying for failure to show good cause Granados-Mendes's motion for a continuance to allow United States Citizenship and Immigration Services to adjudicate his application for Deferred Action for Childhood Arrivals ("DACA"). *See* 8 C.F.R. § 1003.29. The agency properly reasoned that his request for DACA is a collateral matter that he did not require a continuance to pursue. *See Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476, 490 (9th Cir. 2018) (deferred action under DACA is an exercise of prosecutorial discretion by the Department of Homeland Security); *cf. Ahmed*, 569 F.3d at 1014 (8 C.F.R. § 1003.29 requires IJ to make some inquiry into whether good cause exists; abuse of discretion found where record did not indicate IJ "gave any consideration at all to whether good cause existed for the continuance").

Granados-Mendes's contention that the agency did not consider the proper factors in denying the continuance is not supported. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (the agency applies the correct legal standard where it expressly cites and applies relevant case law).

We are not persuaded by Granados-Mendes's contention that the agency should reevaluate its decision under *Matter of L-A-B-R-*, 27 I. & N. Dec. 405 (AG

18-70904

2018), where a grant of DACA would not have materially affected the outcome of his removal proceedings. *See* 27 I. & N. Dec. at 413; *Regents of the Univ. of Cal.*, 908 F.3d at 486 (DACA is a revocable decision by the government not to remove an otherwise removable person).

Respondent's motion to take judicial notice (Docket Entry No. 15) is denied.

**PETITION FOR REVIEW DENIED.**

18-70904